UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EILEEN HANSON, | CASE NO. C16-0568-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on the parties' stipulation to conduct a Federal Rule of Civil Procedure 35 examination of Plaintiff Eileen Hanson (Dkt. No. 21).

## STIPULATION

It is hereby stipulated by and between the parties through their undersigned counsel that Defendant State Farm Mutual Automobile Insurance Company shall be permitted to conduct a Federal Rule of Civil Procedure 35 examination of Plaintiff Eileen Hanson pursuant to the terms of this Stipulation. The undersigned counsel have agreed to the following for the Rule 35 examination:

### PRE-EXAMINATION PROCEDURES

1. If Plaintiff is going to be asked to complete any forms, those forms shall be delivered to Plaintiff's attorney at least seven (7) days prior to the examination. Plaintiff,

through counsel, shall deliver the appropriately completed forms to the Examiner at or before the time of the examination.

2. A copy of the Stipulation shall be given to the Examiner at least seven (7) days before the examination. **DEFENDANT'S ATTORNEYS SHALL BE RESPONSIBLE TO SEE THAT THE EXAMINER IS APPRISED OF THE LIMITATIONS HEREIN AND THE DUTY TO COMPLY WITH THEM.**

## THE EXAMINATION

3. Plaintiff shall have the right to have a representative present at the examination. The representative shall not interfere with or otherwise disrupt the examination. The fact that a representative is present to represent Plaintiff may be the subject of an order *in limine* with each side reserving their right to argue for its admissibility at trial.

4. No person, other than the Examiner, shall participate in any way in the examination or in the evaluation or diagnosis (except technical staff).

5. No questions shall be asked of Plaintiff by the Examiner or staff related to negligence or legal liability. Said restrictions do not limit inquiry into the facts and circumstances of the injury, prior medical history, treatment and the physical dynamics of the occurrence or occurrences that are relevant to the conditions that are in controversy.

6. The Examiner shall not perform any invasive tests, procedures, or examination that cause Plaintiff undue discomfort or expose Plaintiff to increased risk to health (hereinafter collectively "invasive procedures"). Without limitation of the foregoing, this prohibition of invasive procedures shall include, but is not be limited to, painful physical examination; x-rays; scans involving injection of dyes; PET, SPECT, MRI, or other scans; any injection or skin penetration; surgery, whether in the office or not; challenge testing; exposure to methylcholine or any other known irritant or allergen; allergy patch testing; administration of any drug or medication, sedative, or anesthetic, prescription or otherwise; procurement of any blood, stool,

urine, or other sample of bodily tissue or fluid. Nothing in this Paragraph 6 shall prohibit the Examiner from using standard neuro-ophthalmologic examination equipment, techniques, and procedures.

7. The parties agree that this Examination will be the only Rule 35 examination of Plaintiff Eileen Hanson, absent agreement of counsel. The examination shall be performed in accordance with the medical standard of care applicable to the healthcare field in which the examination is performed including any diagnostic procedures and protocols reasonable for the evaluation as it relates to the claims, diagnoses, and personal injuries at issue in this lawsuit.

## USE OF THE EXAMINER AS A CONSULTANT

8. Defendant's counsel may elect to use the Examiner as a consulting witness and not use the Examiner as a witness at trial. If Defendant's counsel makes this election, then the Defendant's counsel shall not be required to produce the Examiner's report or other documentation to Plaintiff's counsel; Plaintiff's counsel shall not have the right to depose the Examiner; and defense counsel shall not be required to comply with the provisions of Paragraphs 10 through 12. Such an election by Defendant's counsel not to call the Examiner, shall not waive Plaintiff's right to oppose any further examinations being conducted. Proceeding with the examination, despite defense counsel's failure to comply with one or more of the foregoing requirements, shall not result in any waiver by Plaintiff or Plaintiff's counsel.

## POST-EXAMINATION PRODUCTIONS

9. The Examiner shall make a written report within thirty (30) days of the completion of his examination. The contents of the written report of the examination shall be in compliance with Federal Rule of Civil Procedure 35(a)(2)(B).

10. Defendant's counsel shall furnish Plaintiff's counsel with a copy of the Examiners' report completed in compliance with Federal Rules of Civil Procedure 26(a)(2)(B) and 35 (b)(2) within thirty (30) days of the examination, along with:

a) a complete statement of all opinions the Examiner will express and the basis and reasons for them in accordance with Rule 26 (a)(2)(B)(i);

b) the facts or data considered by the Examiner in forming his opinions in accordance with Rule 26 (a)(2)(B)(ii);

c) any exhibits that will be used to summarize or support his opinions in accordance with Rule 26 (a)(2)(B)(iii);

d) A list of all other cases in which, during the previous 4 years, the Examiner testified as an expert at trial or by deposition, (including details of the Examiner's professional relationship with defense counsel's law firm) in accordance with Rule 26 (a)(2)(B)(v);

e) A list of the Examiner's qualifications and current CV, including a list of all publications authored in the previous 10 years in accordance with Rule 26 (a)(2)(B)(iv);

f) Copies of all documents provided to the Examiner. Any documents to which a privilege is claimed are to be identified with sufficient particularity to support a motion to compel production, if not furnished to Plaintiff's counsel;

g) Copies of all tests given to Plaintiff by the Examiner as completed or filled out by Plaintiff, together with all raw data and all notes and data generated by the Examiner or done by Plaintiff;

h) Copies of all notes or other documents created by the Examiner while reviewing records, during the examination, or otherwise as part of creating a report, and, in specific detail, any and all findings or conclusions reached but not included in the final report at the request of any representative of Defendant; and

i) a statement of the compensation to be paid for the study and testimony in the case.

11. After the delivery of the report and the above information, Plaintiff shall have the right to take a discovery deposition of the Examiner; the discovery deposition shall be scheduled no later than forty-five (45) days before the trial. This deposition is permitted to occur after the discovery deadline given the agreement of the parties. The Examiner shall not charge an hourly fee to Plaintiff's counsel for the deposition that exceeds the hourly fee charged to Defendant in this case.

12. Plaintiffs are permitted to retain and disclose a rebuttal expert or opinions within 30 days after the Examiner supplies a Rule 35 report.

## LIMITATIONS ON EXAMINATION; MISCELLANEOUS

13. While Plaintiff is present at the place of the examination, the Examiner shall not undertake any treatment or recommendation for treatment of Plaintiff, including, but not limited to, administration of any medicine or treatment, or recommending or prescribing any medicine or treatment, and shall not comment upon the efficacy of any treatment provided by any treating physician.

14. The Examiner shall not hold himself out to be a neutral or independent treatment provider or as an "independent medical examiner" or as an "independent medical examination," but shall affirmatively represent to Plaintiff that he has been hired by Defendant for the purpose of examination only and not for treatment; the Examiner shall affirmatively represent that there is no confidentiality attached with the examination or any information provided by Plaintiff to the Examiner.

15. This stipulation does not relieve Plaintiff of her obligations to make disclosures of lay or expert witnesses in accordance with the Federal Rules of Civil Procedure, the Local Rules, or any other order entered by this Court.

16. By the terms of this Stipulation, Defendant is not consenting that the Examiner is or may be used as a lay or expert witness of Plaintiff.

17. The examination shall occur on June 23, 2017, at 1:00 p.m. at Office of Grady Hughes, M.D., Suite 202, Jefferson Tower, Swedish Cherry Hill, 1600 East Jefferson, Seattle, WA 98122. The examiner shall be Steve Hamilton, M.D..

IT IS SO STIPULATED BY THE PARTIES through their undersigned counsel.

DATED this 16th day of May, 2017.

MOORE & DUDLEY LAW FIRM, PLLC    FALLON MCKINLEY & WAKEFIELD, PLLC

s/ Joseph W. Moore    s/ Scott C. Wakefield
Joseph W. Moore, WSBA #44061    Scott C. Wakefield, WSBA #11222
Attorney for Plaintiff    Attorney for Defendant State Farm

OLIVE|BEARB LAW GROUP, PLLC

s/ Kyle C. Olive
Kyle Olive, WSBA #35552
Attorney for Plaintiff

## **ORDER**

Counsel for Plaintiff and Defendant have entered a stipulation and order for examination of Plaintiff Eileen Hanson pursuant to Federal Rule of Civil Procedure 35 (Dkt. No. 21), and this Court having reviewed the stipulation and the records and files herein ORDERS that said Rule 35 examination of Eileen Hanson may proceed in accordance with the parties' stipulation.

IT IS SO ORDERED.

//

//

DATED this 19th day of May, 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE